13368

PATTERSON v. CLEVELAND *ET AL.*

(163 S. E., 788)

*Messrs. A. P. DuBose* and *C. G. Wyche,* for appellants,

*Mr. W. G. Sirrine,* for respondents,

March 15, 1932.

The opinion of the Court was delivered by CIRCUIT JUDGE J. HENRY JOHNSON, ACTING ASSOCIATE JUSTICE.

This appeal, consolidated with, and argued at the same time as, one of like title, the opinion in which has just been filed, 163 S. E., 784, involves the construction of Item 13 of the will of the late Mrs. Harriet D. Wilkins of Greenville. Although there are numerous exceptions to the Circuit Court decree, and several additional grounds upon which it is sought to sustain the judgment below, the only practical issue for determination is whether inheritance taxes shall be paid out of the estate of testatrix, or whether they should be satisfied by the devisees under the will.

After directing the payment of her debts, funeral expenses, and several small bequests, Mrs. Wilkins devised her home place unto plaintiff in trust for appellants, with executory devise over, upon failure of issue, for the benefit of respondents; created a trust fund of $15,000.00 for the maintenance of the same, including the payment of taxes, insurance, repairs, and improvements thereon; and then, subject to power of sale in the trustee at his absolute discretion (Items 10-a and 11-a), devised all the "residue" of her estate, "real, personal and mixed," unto plaintiff in trust for respondents herein.

By Item 13, she directs that, "if it shall prove necessary to sell any of my property in order to pay debts or estate or inheritance taxes, or for any other purpose, I desire that my executors shall sell my land in Cleveland Township, * * * consisting of a 1200 acre tract; * * * and a 740 acre tract on the Geer Highway," both of which are portions of her residuary estate devised in trust for the benefit of respondents; "the rear end of my residence lot on Augusta Street * * * and my stock in the First National Bank of Greenville. I desire that if possible they retain my residence, with the Augusta Street frontage thereof, and as much in the rear of the house as possible; the warehouse on Pendleton Street * * * and the store on the corner of South Main and River Streets."

The petition of the executor, seeking instructions from the Court thereabout, alleged that he has on hand sufficient funds with which to pay inheritance taxes assessed by the tax commission in the sum of $2,923.84, of which amount it appears that the sum of $1,057.91 was levied against appellants; the return of the latter avers that they have no available money with which to pay such taxes, and no immediate prospect of raising the same; that it was the intention of testatrix that such assessments should be paid from her personal estate, and, if it should be insufficient for such purpose, then they should be charged against and paid out of the proceeds of sale of the farm lands described in Item 13

of the will; the answer of respondents admits that the executor has sufficient cash with which to pay the inheritance taxes, and probably more than enough to pay taxes due to the city, county, and State, but deny his right to pay any taxes due by appellants. It does not appear from the record that respondents deny or traverse that portion of the appellants' return (or answer) which alleges their inability to pay such inheritance taxes. It is not unreasonable to assume, therefore, that if such taxes be not paid out of the estate of testatrix, the beneficial life interests of Norwood and Elliott in the Augusta Street residence, as well as the remainder in fee unto the issue of the former, will be lost unto appellants, although it clearly appears from the will that Norwood Cleveland and his son, Elliott, were the chief objects of Mrs. Wilkins' benevolence, and that her primary intention was that the "Villa" should be preserved at all costs for their use and benefit.

The "case for appeal" recites that, by agreement of all parties to this action, the only qestion before the Court was the construction of Item 13, but the trial Judge ordered the payment by appellants of all property taxes, and all inheritance taxes assessed against them, by virtue of the devises to them, and, in default thereof, the sale of such premises for the purpose of procuring funds with which to pay the same.

The decision of this Court in the companion case hereto, 163 S. E., 784, opinion filed March 15, 1932, disposes of the question of liability for the satisfaction of property taxes adversely to the contention of respondents, and contrary to the judgment below.

As to the inheritance taxes in question, there can be no doubt but that the devisees appellants, under the statutes, are primarily liable therefor, and that it is their duty to discharge the same, unless it appears from the will that it was the intention of testatrix that such taxes should be paid out of the income from the trust fund established by Item 10, or out of the mixed residuary estate. They are not payable out of the former because it is manifest

that the taxes referred to in such item are property taxes, and because Item 13 alone mentions "estate and inheritance taxes," and directs that, should it become necessary to sell any property for the payment of those taxes, the farm lands in Cleveland Township and on the Geer Highway (portions of her residuary estate) should be disposed of for such purpose. It seems indisputable that Mrs. Wilkins intended, and that she actually directed, that property taxes on the home place should be paid from the income arising from the trust fund, and that inheritance taxes, whether assessed against appellants or against respondents, should be satisfied out of her residuary estate, resorting first to the farm lands embraced therein, if there should not be cash assets with which to pay the same.

From the viewpoint of respondents, it is not difficult to understand their objection to the payment of inheritance taxes assessed against appellants from the residuary estate, and it may be conceded that a stranger, unaffected by any ties of relationship or affection to any of the legatees and devisees, might have made a more equitable disposition of the estate of testatrix among her numerous kinsfolk, but Mrs. Wilkins knew her estate, the objects of her affection, and the particular degrees of affection with which she regarded those bound to her by ties of blood and companionship, much better than we can possibly know them, and we cannot undertake to make her earthly dispositions for her; her intention is clearly apparent, and we can do nothing less than give effect to it.

Exceptions sustained, judgment reversed, and the cause remanded to the Court of Common Pleas of Greenville County for such further proceedings as may be necessary to effectuate the judgment announced.

Mr. Chief Justice Blease, and Messrs. Justices Stabler, Carter, and Bonham concur.